**REPLY TO OTHER ORDERS/JUDGMENT**

**CASE #4:20-CV-00230-FL, WILLIS V JONES COUNTY BOARD OF ELECTIONS**

The time in which plaintiff was directed to show county board good cause under Federal Rule of Civil Procedure 4[M] was <u>never, ever,</u> received, where the plaintiff "had not intentionally disregard of a known duty necessary to the safety of Case #4:20-CV-00230-FL," and an entire absence of care for Case #4:20-CV-00230-FL, as a conscious indifference to court's March 18, 2012, Order, which was <u>never, ever</u> received by the plaintiff.

A dismissal "without prejudice" allows a new suit to be brought on the same cause of action, a matter taken for truth [res judicata] and decided on passed upon by this court of competent jurisdiction is received as evidence of truth. Plaintiff, once more and again, wishes to file said complaint against the Jones County Board of Elections.

Why would the plaintiff pay $400.00 to file this case and then fail to prosecute said action or other judicial proceeding, yet, if necessary, plaintiff will repay $400.00, once more and again, which includes following it to an ultimate conclusion, and where the judicial process for enforcing rights and duties recognized by substantive law and for justly administering redress for infraction of them. See, <u>Sims v United Pacific Ins Co</u>, D C Idaho, 51 F Supp 433, 435.

In <u>Rosebon v Garrson</u>, 528 F 2d 309 [4th Cir 1975], where the appeals should hold that a District Court must advise a pro se litigant of his rights under the summary judgment rule to file opposing affidavits to defeat a defendant's or court's motion, and Congress provided that a violation of plaintiff's Civil Rights could be established by showing in Case #4:20-CV-00230-FL, either the discriminatory purpose or the discriminatory result of a challenged practice, and where the plaintiff's Civil Rights Act of 1965 abolished tests or devises which wee used then and now, to disfranchise racial minorities, herein, "at least in theory."

Plaintiff therefore, stated the facts in accordance with these principles, "<u>which were not denied out of benevolence but malice</u>." Therefore, no state or federal government may effectively abdicate its responsibilities by either ignoring them or by merely failing to discharge them whatever the motive maybe. See, <u>City of Greensboro v Simkins</u>, 246 F 2d 425 (C A 4th Cir), affirming 149 F Supp 562 (DC Md NC); <u>Tate v Depot of Conservation</u>, 133 Supp 53 [DC Ed Va], Aff'd, 231 [21] 615 [Ca 4th Cir] which has fallen on deaf ears.

Respectfully submitted,

*[signature]*
Daniel J. Willis
105 Cherry Street
Trenton, N.C. 28585
(252)448-6091
Pro Se Litigant