UNITED STATES DISTRICT COURT
EASTERN DISTRICT

FILED
APR 27 2021



FILE NO. 4:20-CV-00230-FL

RESPONSE TO ORDER FILED 4/21/21
FILED 4/27/21

Plaintiff alleges that the word in action 4:20-CV-00230-FL, denotes an assumption of liability, as to answer for the debt or default of another; plaintiff states once more and again, that the District Court, <u>never, ever</u> mailed or gave him summons to file and serve summons on defendant Jones County Board of Election within the 90 days of filing complaint; although,

Plaintiff is legally liable, and accountable or answerable, to discharge an obligation which he may be under, and so as to charge defendant Jones County Board of Elections, a cause which is the culpable act of a human being who is not legally responsible for such act, in its legal sense, closest in causal connection, and produces injury, and without which causal connection, and produces injury, and without which the result would not have occurred. See, <u>Wisniewski v Great Atlantic Pac Tea Co.</u>, 226 Pa Supp 574, 323 A 2d 744, 748.

Pro se litigant admits he, herein, is legal or equitable proceeding in which a person appointed by the District Court for the purpose of preserving or serving summons to the Jones County Board of Elections pending an action against him, or applying the summons in satisfaction of a claim, for there to be "plain error" warranting reversal absent objection, there were <u>never, ever</u> any legal impropriety affecting defendant's substantial rights, sufficiently grievous to justify notice by viewing, and/or, reviewing court and to convince it that, of itself, error posed clear capacity to bring about unjust result. Whereas, doctrine which encompasses these errors as to the filing of civil summons against the Jones County Board of Elections, et. el., which are obvious and highly prejudicial, which affect the substantial rights of the accused, and which, if uncorrected, would be an affront to the integrity and reputation of judicial proceedings. See, <u>State v Harris</u>, A.D. 174 A 2d 645, 646, 70 N.J. Supper 9, also, <u>U.S. v McCord</u>, 166 U.S. App D.C. 1, 509 F 2d 334, 341.

Respectfully submitted,

Daniel J. Willis
105 Cherry Street
Trenton, N.C. 28585
(252)448-6091
Pro Se Litigant