IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:20-CV-230-FL

| | |
|---|---|
| DANIEL J. WILLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| JONES COUNTY BOARD OF | ) |
| ELECTIONS and NORTH CAROLINA | ) |
| STATE BOARD OF ELECTIONS, and/or | ) |
| their successors, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on defendant North Carolina State Board of Elections's ("NCSBE") motion to dismiss (DE 21) and on plaintiff's response to the court's April 21, 2021, order (DE 30). The court also reviews the action in accordance with the pre-filing injunction entered in this district on April 5, 2002. For the following reasons, the court dismisses the instant action on the basis of the court's pre-filing injunction. In addition, and in the alternative, defendant NCSBE's motion is granted, and the court adheres to its prior dismissal of defendant Jones County Board of Elections for failure to serve.

**STATEMENT OF THE CASE**

Plaintiff commenced this action pro se on December 10, 2020, asserting claims against defendants arising out of the at-large election method used by the Town of Trenton, North

Carolina, ("the Town of Trenton"), to elect its aldermen.[1] Plaintiff brings claims under the Fifth, Fourteenth, and Fifteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and Section 2 of the Voting Rights Act[2] ("VRA"). Plaintiff seeks a court order enjoining defendants from conducting elections by the current method, "award[ing] plaintiff[] four . . . districts, two . . . districts White only, and two . . . districts minority only," attorney's fees, and $15,000,000 in damages. (First Am. Compl. at 15).

This is not the first time plaintiff has brought a federal suit concerning the Town of Trenton, and it is not even his first time challenging the at-large election method the Town of Trenton allegedly uses. See Order, Willis v. Town of Trenton, No. 4:19-MC-1 (E.D.N.C. Oct. 8, 2020); Willis v. Town of Trenton, No. 4:13-MC-5, 2014 WL 11497895, at *1 (E.D.N.C. Aug. 12, 2014) (summarizing plaintiff's prior filings). Rather, plaintiff has an "exceptional history of frivolous filings and appeals in the federal court." Willis v. Jones Cty. Pub. Sch., No. 4:20-CV-00203-M, 2021 WL 837342, at *1 (E.D.N.C. Feb. 19, 2021). Plaintiff's conduct has resulted in two prefiling injunctions entered against him. First, this court has enjoined plaintiff "from filing any additional cases in this district involving the Town of Trenton or [former mayor thereof] without prior approval of the court." Order, Willis v. Town of Trenton, Nos. 4:96-CV-6-H(4), 4:99-CV-116-H(4), 4:01-CV-13-H(4), 4:01-CV-133-H(4), 4:01-CV-159-H(4) (E.D.N.C. Apr. 5, 2002), aff'd, 50 F. App'x 648 (4th Cir. 2002). Second, the Fourth Circuit has enjoined plaintiff "from filing pleadings in any pending lawsuit, or commencing, or attempting to initiate any new lawsuit, action,

---

[1] Plaintiff filed an amended complaint with attached exhibits on January 4, 2021, along with a "corrective document" the next day. (See (DE 14, 15). Plaintiff then filed another amended complaint February 10, 2021. (DE 20).

[2] Plaintiff cites 42 U.S.C. § 10301 as the relevant U.S. Code section. However, plaintiff presumably intended or intends to reference 52 U.S.C. § 10301, the codified section of VRA that prohibits the denial or abridgement of the right to vote on account of race or color through voting qualifications or prerequisites, rather than 42 U.S.C. § 10301, which concerns congressional findings and declarations regarding the Water Resources Research Act of 1984.

proceeding, or matter in the United States District Court for the Eastern District of North Carolina against any person or entity in forma pauperis without first obtaining leave of the court to so proceed." Willis v. Town of Trenton, No. 96-2066 (4th Cir. Mar. 17, 1997).[3]

On February 18, 2021, defendant NCSBE filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6), relying upon an exhibit comprising an excerpt of the Private Laws of the State of North Carolina, 1911 Session (Jan. 4, 1911). Plaintiff responded in opposition on March 5, 2021.

On March 18, 2021, the court gave notice to plaintiff that more than 90 days had passed since he filed his complaint, but defendant Jones County Board of Elections had not been served with process. The court directed plaintiff to show good cause for this failure within 14 days, pursuant to Rule 4(m) (hereinafter, the "March 18, 2021, show cause order"). Plaintiff did not do so, and on April 14, 2021, the court dismissed his claims against defendant Jones County Board of Elections without prejudice (hereinafter, the "April 14, 2021, order").

On April 19, 2021, plaintiff filed a document asserting that he had never received the March 18, 2021, show cause order. Thus, on April 21, 2021, the court allowed plaintiff an additional 14 days to make the requisite showing (hereinafter, the "April 21, 2021, order"). On April 23, 2021, the clerk sent a letter to plaintiff memorializing a telephone call from plaintiff to the clerk's office requesting that the clerk provide a completed summons. Plaintiff then filed a response to the court's April 21, 2021, order on April 27, 2021.

---

[3] In this case, plaintiff did not move to proceed in forma pauperis, and plaintiff did not name originally the Town of Trenton or its former mayor as defendants. Accordingly, the court did not review the case initially for compliance with the pre-filing injunctions. Nevertheless, the court denied a motion by plaintiff to add the Town of Trenton as a defendant in this action, on February 24, 2021 (DE 25).

**STATEMENT OF FACTS**

The facts alleged in plaintiff's operative complaint[4] may be summarized as follows. Plaintiff alleges that the at-large voting method of election of aldermen in the Town of Trenton dilutes minority voting power. (First Am. Compl. ¶ 1). Plaintiff asserts that there are "racially polarized voting patterns in the town." (Id. ¶ 4). As further context, plaintiff asserts that "African-Americans have never, ever, had an African-American of their choice elected or appointed to the Town of Trenton's Council [as Aldermen]." (Id. ¶ 23 (alteration in original)).

**COURT'S DISCUSSION**

A.  Pre-Filing Injunction

On the court's own initiative, the court reviews the instant action for compliance with the court's pre-filing injunction. As noted previously, this court has enjoined plaintiff "from filing any additional cases in this district involving the Town of Trenton or [former mayor thereof] without prior approval of the court." Order, Willis v. Town of Trenton, Nos. 4:96-CV-6-H(4), 4:99-CV-116-H(4), 4:01-CV-13-H(4), 4:01-CV-133-H(4), 4:01-CV-159-H(4) (E.D.N.C. Apr. 5, 2002), aff'd, 50 F. App'x 648 (4th Cir. 2002). Although the Town of Trenton and former mayor thereof are not named as defendants, the instant case involves the Town of Trenton. Therefore, plaintiff's commencement of this action without prior approval of the court was in violation of the court's pre-filing injunction. In addition, the court finds no good cause for allowing filing of the instant action, in light of plaintiff's recent additional attempts to commence actions involving the Town of Trenton, and the legal deficiencies in plaintiff's complaint, as detailed further herein.

---

[4] Rule 15(a) allows a party to amend its pleadings once as a matter of course, if the pleading is one to which a responsive pleading is required, within 21 days of service of a responsive pleading or within 21 days of service of certain Rule 12 motions. Because plaintiff's January 4, 2021, amendment was timely, it effectively amended plaintiff's pleadings and did so as a matter of course. However, the later corrective document (DE 15) and second amended complaint (DE 20) required leave of court to be filed. Plaintiff did not so move and, therefore, those filings did not amend his pleadings.

In sum, the court DISMISSES the instant action on the basis of the court's pre-filing injunction.

B.     Defendant NCSBE's Motion to Dismiss

In addition, and in the alternative, the court agrees with defendant NCSBE that plaintiff's claims against it should be dismissed because plaintiff fails to state a claim upon which relief can be granted.[5]

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (quotations omitted).

---

[5]     Defendant NCSBE also argues that dismissal is warranted because of its sovereign immunity under the Eleventh Amendment, and because plaintiff lacks standing, under Rule 12(b)(1). The court does not dismiss the instant action on these grounds, however, where the issue of whether Congress abrogated states' sovereign immunity through the passage of the VRA has not been decided by the United States Court of Appeals for the Fourth Circuit. See, e.g., N.C. State Conf. of NAACP v. Cooper, 397 F. Supp. 3d 786, 799 (M.D.N.C. 2019) (explaining that "in the absence of a determination by the Fourth Circuit or the Supreme Court that the VRA abrogates North Carolina's Eleventh Amendment immunity, this Court declines to so hold"). In addition, defendant NCSBE's Article III standing argument premised on a lack of traceability and redressability is not subject to straightforward resolution, given the interaction between provisions of North Carolina law allowing local units of government to implement certain local election procedures, see, e.g., N.C. Gen. Stat. §§ 160A-66, 101(6), 102; and other provisions of law setting forth defendant's own statutory powers and duties, such as the authority to impose a plan apportioning districts adopted by the appropriate unit of local government under statutory or local act authority, see, e.g., N.C. Gen. Stat. § 163-22(r). In light of dismissal under Rule 12(b)(6), the court also does not reach other potential grounds for dismissal under Rule 12(b)(2).

Here, the operative complaint does not contain specific factual allegations relevant to defendant NCSBE's purported conduct and, instead, mentions defendant NCSBE in conjunction with legal conclusions and generally conclusory statements of liability, which the court cannot credit in its analysis. (See, e.g., First Am. Compl. ¶ 2 ("Jones County Board of Elections, and the North Carolina State Board of Elections are proper defendants in this case."); ¶ 13 ("Section 2 prohibits local governments, such as the Town of Trenton, and the Jones County Board of Elections and the North Carolina State Board of Elections . . . from adopting practices, procedures that dilute the plaintiff's voting strength, as complained of, in 'past and present' actions."); ¶ 21 ("The discrimination by . . . the North Carolina State Board of Elections . . . is not a private matter but amounts to unconstitutional state action.")).

Plaintiff's most specific factual allegation in the original complaint regarding defendant NCSBE — that it, along with defendant Jones County Board of Elections, enforces the at-large election method used by the Town of Trenton — is omitted from the amended complaint. (See Compl. ¶ 1; First Am. Compl. ¶ 1-51; see also Compl. ¶ 4 ("The Jones County Board of Elections, along with the enforcement of the North Carolina State Board of Elections, altogether, while in conspiracy, and acting under color of law, had intentionally and officially enforced the at-large election methods, and vote dilutions, past and present . . . .")). Even if that allegation were included in the operative complaint, however, it is a bare assertion not joined by further factual enhancement and is therefore not credited by the court in analyzing whether plaintiff has stated a claim.[6]

---

[6]   Even assuming plaintiff had properly amended his complaint through his January 5, 2021, and February 10, 2021, filings, the court's review of those filings does not reveal additional factual allegations that would change the court's analysis.

Plaintiff's claim then that defendant NCSBE violated either the VRA or a provision of the United States Constitution, as actionable under 42 U.S.C. § 1983, lacks the requisite factual support needed for a plausible claim. Case law prohibits the court from relying on plaintiff's conclusory statements and its own speculation in order to allow plaintiff to proceed with this litigation. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555 & 570.

Therefore, the court grants defendant NCSBE's motion and dismisses plaintiff's claims for failure to state a claim upon which relief can be granted.

C.     Continued Failure to Timely Serve Defendant Jones County Board of Elections

The court's April 21, 2021, order allowed plaintiff 14 days to show good cause for failure to timely serve defendant Jones County Board of Elections. Plaintiff's response filed April 27, 2021, does not provide the requisite good cause for plaintiff's failure to timely serve that defendant. The filing suggests that plaintiff's failure to timely serve is excused because the court failed to give him summons to serve on defendant Jones County Board of Elections and because defendant Jones County Board of Elections has not been prejudiced by his failure to serve. For the following reasons, the court does not find that either rationale meets the requisite good cause under Rule 4(m) and, accordingly, finds no reason to alter its April 14, 2021, order dismissing plaintiff's claims against Jones County Board of Elections without prejudice.

As an initial matter, pro se parties, like any other party, are required to adhere to the Federal Rules of Civil Procedure, the Local Civil Rules, and the orders of this court. See McNeil v. United States, 508 U.S. 106, 113 (1993). Therefore, plaintiff was required under Rule 4 to "present a summons to the clerk," which the clerk is only able to "sign, seal, and issue . . . to the plaintiff for service on the defendant" if it is "properly completed." Fed. R. Civ. P. 4(b). Plaintiff did not do so for defendant Jones County Board of Elections, meaning his claim that the court failed to

provide him summons fails to evidence good cause for untimely service. See generally Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988) (holding that pro se plaintiff's lack of knowledge of service procedures did not constitute good cause for his failing to perfect service upon defendant within the required time period).

Further, insofar as plaintiff's asserted good cause is based on a purported lack of prejudice to defendant Jones County Board of Elections, such rationale is inapt. Neither the text of Rule 4 nor the case law interpreting the rule require a finding of prejudice to the unserved defendant before sua sponte dismissal under Rule 4(m). See, e.g., MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) ("[A]bsence of prejudice alone can never constitute good cause to excuse late service.").

In sum, plaintiff has not shown the requisite good cause to excuse his failure to timely serve defendant Jones County Board of Elections. Therefore, plaintiff's claims against defendant Jones County Board of Elections remain dismissed without prejudice in accordance the court's April 14, 2021, order.

## CONCLUSION

Based on the foregoing, the court DISMISSES the instant action on the basis of the court's pre-filing injunction. Order, Willis v. Town of Trenton, Nos. 4:96-CV-6-H(4), 4:99-CV-116-H(4), 4:01-CV-13-H(4), 4:01-CV-133-H(4), 4:01-CV-159-H(4) (E.D.N.C. Apr. 5, 2002), aff'd, 50 F. App'x 648 (4th Cir. 2002).

In addition, and in the alternative, defendant NCSBE's motion to dismiss (DE 21) is GRANTED, and plaintiff's claims against defendant NCSBE are DISMISSED for failure to state a claim upon which relief can be granted. Further, the court adheres to its April 14, 2021, order dismissing claims against defendant Jones County Board of Elections pursuant to Rule 4(m).

Accordingly, plaintiff's action is DISMISSED as to all defendants, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 3rd day of June, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge